IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNIE RAY HAIRSTON,

    Petitioner,　　　　　　　　No. CIV S-10-0641 GEB GGH P

  vs.

J. HAVILAND,

    Respondent.　　　　　　　　<u>FINDINGS & RECOMMENDATIONS</u>

_____/

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision[1] by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

    On February 2, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. <u>Swarthout v. Cooke</u>, 502 U.S. ___, ___ S. Ct. ___, 131 S. Ct. 859, 861 (2011).[2]

---

[1] The BPH hearing was held on November 3, 2008; the decision became final on March 3, 2009. Petition, pp. 17, 37, 88.

[2] The earlier citation in the prior order was to <u>Swarthout v. Cooke</u>, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

1

1 Respondent has filed a timely briefing, but petitioner has not responded to the
2 show cause order and the time for doing so has expired. For the reasons set forth in the prior
3 order, it appears there is no federal due process requirement for a "some evidence" review, thus
4 the federal courts are precluded from a review of the state court's application of its "some
5 evidence" standard.[3] A review of the instant petition demonstrates that it is entirely based on his
6 claim that he was deprived of due process because of the BPH's primary reliance on his
7 commitment offense and pre-commitment arrest record and in spite of relevant evidence that "he
8 is not a present danger to society...." Petition, pp. 17-36. In other words, petitioner seeks to
9 implicate the state's application of its own "some evidence" standard. This court's review of the
10 BPH hearing transcript, however, confirms that petitioner was "allowed an opportunity to be
11 heard" and "provided a statement of the reasons why parole was denied." Swarthout, at 862;
12 Petition, pp. 37-89; Answer (docket # 13-1), pp. 28-80. As respondent notes (docket # 16),
13 petitioner does not claim otherwise.
14 Therefore, the petition should be denied.
15 Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.
16 If petitioner files objections, he shall also address if a certificate of appealability
17 should issue and, if so, as to which issues. A certificate of appealability may issue under 28
18 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
19 constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate
20 which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).
21 These findings and recommendations are submitted to the United States District

---

[3] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

1 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
2 days after being served with these findings and recommendations, any party may file written
3 objections with the court and serve a copy on all parties. Such a document should be captioned
4 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
5 shall be served and filed within fourteen days after service of the objections. The parties are
6 advised that failure to file objections within the specified time may waive the right to appeal the
7 District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8 DATED: March 22, 2011         /s/ Gregory G. Hollows

9                               _____
                                GREGORY G. HOLLOWS
                                UNITED STATES MAGISTRATE JUDGE

10 GGH:009
hair0641.fr